IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:15-cv-00705-REB-MEH

JESSLYN DENNIS,

    Plaintiff,

      vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move this Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' and nonparties' business or privacy interests. The Parties have entered into this Stipulation and request this Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.    "Confidential Information" means any document, file, portions of files, agreement, contract, or response to a discovery request – not made available to the

public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing proprietary, confidential, private, and/or financial information about business operations, procedures, or monetary arrangements or payments. This includes information about contracts with other businesses and individuals and information about their relationships and terms of agreement. This also includes information about financial arrangements and payments made to other businesses and individuals.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on the first page or cover of any document produced; and

b.      By imprinting the word "Confidential" next to or above any response to a discovery request.

4.      All Confidential Information provided by a Party in response to a discovery request shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except that such information may be disclosed to the following for purposes of this case:

i.     Attorneys of record actively working on this case;

ii.    Persons regularly employed or associated with the attorneys of record actively working on this case whose assistance is required in preparation for proceedings in this case;

iii.   The Court and its employees;

iv.   Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

v.    Other persons by written agreement of the Parties.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

7.    During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 6 above.

8.    If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such

good faith attempt, all counsel are unable to resolve their dispute, objecting counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by disclosing counsel of notice of objecting counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

9.      Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing under restricted access or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to maintain the documents under restricted access. Any motion requesting leave to file documents under restricted access shall comply with the requirements of D.C.COLO.LCivR 7.2.

10.      The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.      By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12.      Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the disclosing Party all Confidential Information

provided subject to this Protective Order, including copies made therefrom.

13.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 12th day of January, 2016.

BY THE COURT:


/s/ Michael E. Hegarty
_____


**STIPULATED AND AGREED TO:**


/s/ Michael S. Samelson
_____
Michael S. Samelson, Esq.
WICK & TRAUTWEIN, LLC
323 South College Avenue, Suite 3
Fort Collins, Colorado 80524
msamelson@wicklaw.com
***Attorney for Plaintiff***

/s/ Nicole C. Salamander Irby
_____
Franz Hardy, Esq.
Nicole Salamander Irby, Esq.
GORDON & REES, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
fhardy@gordonrees.com
nsalamanderirby@gordonrees.com
(303) 534-5160
***Attorneys for Defendant***